United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, *et al.*, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-19-4025 |
| VS. | § § | |
| SCHAHIN II FINANCE COMPANY (SPV) LIMITED, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

This dispute over project notes relating to the construction of an ultra-deepwater drillship has now spilled over into bankruptcy court. American General Life Insurance Company, American Home Assurance Company, National Union Fire Insurance Company of Pittsburg, PA, and the United States Life Insurance Company of The City of New York allege that they lost approximately $70 million on their $92 million investment in project notes related to the drillship construction. These insurers sued the entity that issued the project notes, the project operator, three of the issuer's and operator's directors, and Nomura Securities International, Inc., one of the project-note underwriters, alleging violations of the Texas Securities Act, common-law fraud, and aiding-and-abetting fraud. (Docket Entry No. 1-2). Nomura timely removed the case to federal court, and the insurers filed an emergency motion for mandatory abstention and remand. (Docket Entry Nos. 1, 3). Nomura moved for partial summary judgment and responded to the remand motion, and the insurers responded to the motion for partial summary judgment and replied to the remand motion. (Docket Entry Nos. 5, 14, 26, 27).

Based on the complaint, the motions and responses, the record, and the applicable law, the court grants the insurers' emergency motion for mandatory abstention and remand and denies Nomura's motion for summary judgment. This case is remanded to the 333rd Judicial District Court of Harris County, Texas. The reasons for these rulings are set out below.

**I.     Background**

The insurers are "regulated property and casualty and life insurance companies that are indirect, wholly owned subsidiaries of AIG." (Docket Entry No. 1-A-4 at ¶ 4). Part of the insurers' business is to invest the premiums their insureds pay in securities. (*Id.*).

Schahin II Finance Company (SPV) Ltd. is a limited liability company incorporated under the laws of the Cayman Islands. SPV is part of the Schahin Group, which is based primarily in Brazil and active in the oil and gas industry. (*Id.* at ¶¶ 23, 32). In 2008, the Schahin Group entered into agreements with Petróleo Brasileiro, Inc., commonly known as Petrobas, the Brazilian government-controlled oil and gas company, to charter and service a "state-of-the-art ultra-deepwater drillship." (*Id.* at ¶ 7). SPV issued the notes at issue in part to repay a bridge loan used to construct the drillship. (*Id.* at ¶ 54). Nomura served as the "sole structuring agent, an initial purchaser, and a joint lead manager for the offering." (*Id.* at ¶ 29). Schahin Petróleo E Gás S.A. ("SPG"), a company within the Schahin Group, was the drillship operator. (*Id.* at ¶ 24). In 2012, the insurers purchased $75 million worth of SPV's project finance notes. (*Id.* at ¶ 116). They also purchased $17 million of the notes from the secondary market, bringing their total investment to $92 million. (*Id.* at ¶¶ 129, 131).

In 2015, investigations in Brazil revealed that the Schahin Group and Petrobas were involved in illegal activity, including bribery, kickbacks, and conspiracy, to get business. (*Id.* at ¶ 133). Three Schahin directors, each named as a defendant in this lawsuit, went to prison. (*Id.* at

¶ 159). Petrobas cancelled the Schahin Group's lease for the drillship. (*Id.* at ¶ 188). After these events, the project notes went into default. Since then, the notes have paid no principal or interest. (*Id.* at ¶ 194). The insurers allege that they incurred an unrealized loss of nearly $70 million on their investment in the notes. (*Id.*).

In March 2017, the insurers filed suit in Texas state court against SPV; SPG; the individual defendants, Salim Schahin, Fernando Schahin, Milton Schahin; and Nomura Securities International, Inc., asserting state-law causes of action for violations of the Texas Securities Act, common-law fraud, and aiding and abetting common-law fraud. (*See* Docket Entry No. 1-2 at ¶¶ 246–292). The Schahin defendants filed special appearances to contest the Texas court's personal jurisdiction over them. (Docket Entry No. 3 at 4). The special appearances remain pending. (*Id.*).

In September 2018, SPV filed a Chapter 15 petition for recognition of its Brazilian bankruptcy in the bankruptcy court in the Southern District of New York. (*Id.*); *see In re Schahin Fin. Co. (SPV) Ltd.*, No. 18-bk-12964 (Bankr. S.D.N.Y.).[1] In July 2019, certain Schahin Group entities, not named as defendants in this suit, filed a Chapter 15 petition for the recognition of their Brazilian bankruptcy in the bankruptcy court in the Southern District of Florida. (*Id.* at 5); *see In re Schahin Holdings S.A.*, No. 1:19-bk-19932 (Bankr. S.D. Fla.). In September 2019, the debtors in the Chapter 15 proceeding amended their petition to add SPG as a debtor. (*Id.*). In October 2019, Nomura removed the state-court case to this Texas federal court asserting federal jurisdiction under 28 U.S.C. §§ 1334 and 1452 because the present case was "related to" SPG's bankruptcy case in the Southern District of Florida. (Docket Entry No. 1). The insurers filed an emergency motion for mandatory abstention and remand. (Docket Entry No. 3). Nomura opposed the motion, arguing that mandatory abstention did not apply. (Docket Entry No. 14). Nomura

---

[1] The Chapter 15 case closed on January 7, 2019.

also moved for partial summary judgment on certain Texas Securities Act claims.  (Docket Entry No. 5).

## II. The Legal Standard for Mandatory Abstention and Remand

The Bankruptcy Code grants federal district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  A case is "related to" a case under title 11 if its "outcome could have any conceivable effect on the estate being administered in bankruptcy."  *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009).  "Related to" cases in state court may be removed to the federal district court in the district where the state-court action was pending.  28 U.S.C. § 1452(a).

A removed case may be remanded to the state court "on any equitable ground."  28 U.S.C. § 1452(b).  One ground is abstention, described in the Bankruptcy Code as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  When the statutory factors are met, abstention is mandatory.  *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) ("We have interpreted this provision to mandate federal court abstention.").  "[M]andatory abstention, if met, requires a district court to remand the case to state court, regardless of whether it would be more efficient to transfer the case to another forum. A district court does not have discretion to retain jurisdiction if the requirements of 28 U.S.C. § 1334(c)(2) are met."  *WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 613 (S.D. Tex. 1999).

The party seeking mandatory abstention must show that:

> (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.

*TXNB*, 483 F.3d at 300 (alteration omitted). "The party requesting abstention must prove the existence of each element by a preponderance of the evidence." *In re Lorax Corp.*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003). "A party is not entitled to mandatory abstention if it fails to prove any one of the statutory requirements." *Id.*; *see also In re Montalvo*, 559 B.R. 825, 842 (Bankr. S.D. Tex. 2016) (the bankruptcy court refused to abstain because the fourth factor was not demonstrated).

**III. Analysis**

Nomura removed under 28 U.S.C. §§ 1334 and 1452, explaining that the case was related to "Debtor-Defendant SPG's Chapter 15 case." (Docket Entry No. 1 at 3); *see also In re Schahin Holdings S.A.*, No. 1:19-bk-19932 (Bankr. S.D. Fla.). Less than a month later, the insurers filed an emergency motion for mandatory abstention and remand, arguing that the requirements of 28 U.S.C. § 1334(c)(2) were met. (Docket Entry No. 3). While Nomura opposed this motion, it challenged only whether the case can be timely adjudicated in the state court. (Docket Entry No. 14 at 5). The first three factors are clearly met— the parties are not completely diverse,[2] the plaintiffs bring only state-law causes of action, and the case originated in state court, but is related to a case under title 11.[3]

The fourth factor requires the court to consider whether the action could be timely adjudicated in state court. *TXNB*, 483 F.3d at 300. The moving party "must provide the court with more than a 'naked assertion' that the state court can timely adjudicate the claims." *In re*

---

[2] Two of the insurers and Nomura are citizens of New York. (Docket Entry No. 3 at 8).

[3] *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) (non-core claims include those raised under "related to" jurisdiction).

5

*Petroleum Prods. & Servs., Inc.*, 561 B.R. 662, 666 (Bankr. S.D. Tex. 2016); *In re NC12, Inc.*, 478 B.R. 820, 839 (Bankr. S.D. Tex. 2012) (the bankruptcy court refused to abstain because the moving party put forward "no evidence" that the state court could timely adjudicate the case). The moving party "need not show that the action can be 'more timely adjudicated in state court,' but rather that the matter can be timely adjudicated in state court." *WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 605; *see also Tex. Cty. & Dist. Ret. Sys. v. J.P. Morgan Sec. LLC*, No. A-14-CA-380-SS, 2014 WL 3420812, at *3 (W.D. Tex. July 10, 2014) ("[The moving party's] burden is to show the state court can timely adjudicate this dispute, not that the state court is the most efficient avenue for resolution of these claims."). The court must consider "(a) the extent to which the suit has already been prosecuted in state court, (b) the expectation of when the state court trial will commence, and (c) evidence in contravention that the state court could adjudicate the case timely." *In re Hallwood Energy, L.P.*, No. 09-31253-H4-11, 2009 WL 2601294, at *8 (Bankr. S.D. Tex. Aug. 24, 2009).

The first consideration is the extent to which the suit had been prosecuted in state court when it was removed. Evidence of prosecution in state court weighs in favor of abstention and remand; the absence of this evidence weighs in favor of retaining federal jurisdiction. *Id.* In this case, the insurers sued in early 2017, and they have been prosecuting the case ever since. (Docket Entry No. 1-2). The docket sheet attached to Nomura's notice of removal is 14 pages long. (Docket Entry No. 1-5). The insurers note that "[d]iscovery is nearly complete, and nothing prevent[s] a swift resolution of the issues." (Docket Entry No. 3 at 13). Nomura argues that the insurers have not met their burden because they asked for multiple continuances in the state court. (Docket Entry No. 14 at 5–6). Nomura cites *In re Montalvo*, 559 B.R. 825, 842 (Bankr. S.D. Tex. 2016), in which the court refused to abstain because of the "many delays that have occurred thus

6

far." But in *In re Montalvo*, the court found that the moving party had failed to provide even a "naked assertion" of timely pursuit in the state court, focusing on the merits of the case providing no justification for delays. *Id.* The insurers have, by contrast, made far more than a naked assurance of timeliness. The docket control sheet shows that they have actively pursued discovery in the state court, and that they promptly sought remand to preserve their scheduled February 2020 state-court trial date. (Docket Entry No. 1-5; Docket Entry No. 3). The extensive record already developed before the state court weighs in favor of abstention and remand.

The second consideration is when the state-court trial is expected to begin. In their emergency motion, the insurers justified the urgency of their motion by pointing to the preferential trial then set for February 25, 2020. (Docket Entry No. 3 at 2, 6, 13). They explain that the insurers' setting "means that the case was first on the trial court's docket, and no other case would have priority." (*Id.* at 14). Nomura argues that a preferential setting "does not establish that the case would be timely adjudicated in state court." (Docket Entry No. 14 at 6). Courts in this circuit view a docket-control order setting dates for trial as evidence "sufficient to show that the state court will be familiar with the case and prosecute it efficiently." *In re Petroleum Prod. & Servs., Inc.*, 561 B.R. at 666; *see also In re Mugica*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007) (mandatory abstention was required when the plaintiffs demonstrated a history of prosecution in state court, including a trial setting). While the preferential trial setting does not guarantee that the trial would have occurred on February 25, 2020, the setting demonstrated a shared expectation of trial on or near that date. The second consideration weighs in favor abstention and remand.

The third consideration is whether there is evidence contravening timely adjudication in the state court. Nomura argues that the insurers have not prosecuted the case against SPV, SPG, and the individual Schahin defendants. (Docket Entry No. 14 at 7). After service of citation, SPV,

7

SPG, and the individual Schahin defendants filed special appearances to contest personal jurisdiction. (*Id.*). Nomura argues that those special appearances remain pending because of the insurers' inaction. (*Id.*). Nomura suggests that the federal court proceeding "offers at least a partial remedy to that [jurisdictional] problem" because a federal court will have jurisdiction over SPG because it invoked federal bankruptcy jurisdiction. (Docket Entry No. 14 at 7–8). The insurers respond that the jurisdictional challenges do not make the state court unavailable or unable to timely adjudicate the case. (Docket Entry No. 26 at 5). This court agrees, especially because Nomura's remedy does not resolve the personal jurisdiction issue for the individual Schahin defendants.

Nomura also argues that the state court cannot timely adjudicate the case because of the automatic stay under 11 U.S.C. § 362. (Docket Entry No. 14 at 9–10). The automatic stay would prohibit continuing the litigation against the Chapter 15 debtor, SPG. But the automatic stay does not clearly prevent litigation against Nomura, SPV, or the individuals. "Automatic-stay provisions generally only protect the debtor and very rarely extend to protect third parties." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 905 n.3 (5th Cir. 2011); *see also Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (the automatic stay did not extend to a codefendant absent special circumstances and did not prevent remand to the state court).

The insurers argue that the automatic stay applies only to litigation against the debtor; litigation against a codefendant not subject to the bankruptcy stay may continue. (Docket Entry No. 26 at 4–5). At oral argument, Nomura argued that the automatic stay should extend to the insurers' claims against Nomura because SPV and SPG contractually indemnified Nomura against "any and all loss, liability, claim, damage, and expense whatsoever, as incurred, arising out of any untrue statement or alleged untrue statement of a material fact contained in the Preliminary

8

Offering Circular, the Disclosure Package or the Final Offering Circular (or any amendment or supplement thereto)." (*See* Docket Entry No. 31-1 at 25).

The automatic stay may extend to proceedings against nonbankrupt codefendants when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). As the Fifth Circuit has explained, "a formal tie or contractual indemnification" can "create an identity of interests between the debtor and nondebtor." *Id.* While Nomura may be correct that the unusual circumstances required to extend the automatic stay are present here, Nomura must make this showing to the bankruptcy court. "[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants." *Id.*; *see also Cmty. Home Fin. Servs., Inc. v. Edwards Family P'ship, LLP*, No. 3:12-CV-252-CWR-LRA, 2013 WL 1336505, at *2 (S.D. Miss. Mar. 29, 2013) ("[T]he Bankruptcy Court must affirmatively extend section 362 protections before proceedings against non-debtors are stayed."); *Fid. & Deposit Co. of Md. v. Tri-Lam Co.*, No. SA-06-CA-207-XR, 2007 WL 1091311, at *3 (W.D. Tex. Apr. 9, 2007) ("If Tri-Lam and T.G. Services wish to avail themselves of the *A.H. Robins* exception, that request should be addressed to the bankruptcy court, not this Court.").

Nomura also cites *Bankston v. Singleton*, No. CIVA 09-0594, 2009 WL 5196143, at *7 (W.D. La. Dec. 30, 2009), in which the district court denied a request for mandatory abstention because the automatic stay applied to potential counterclaims by the nondebtor-defendants against the debtor-plaintiff. The district court emphasized that it could not "say with certainty that the entire *action*" involving the debtor-plaintiff's claims could be timely adjudicated on remand. *Id.*

*Bankston* is neither precedential on this court nor persuasive. On remand, the state court will not be prevented from timely adjudicating the case any more than this court would be because any stay would apply in both state and federal court. Given the state court's familiarity with the case, the case will likely be more timely adjudicated in state court once the stay is lifted. The other in-circuit case Nomura cited are not helpful because this court does not find a discretionary stay appropriate in this case. *See Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 724 (S.D. Tex. 2010).

Finally, the court notes that COVID-19 has impacted the ability of both state and federal courts to adjudicate cases, and does not weigh in favor of retaining federal jurisdiction. The third consideration points toward abstention and remand.

The insurers have shown the state court's availability to timely adjudicate this case. All four factors of mandatory abstention are met. The court must abstain and remand the case to state court.

**IV.    Conclusion**

The plaintiffs' emergency motion for mandatory abstention and remand is granted. (Docket Entry No. 3). Nomura's motion for partial summary judgment is denied, without prejudice, as moot. (Docket Entry No. 5). This case is remanded to the 333rd Judicial District Court of Harris County, Texas.

SIGNED on June 16, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge